

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| CATHERINE GRAHAM, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )    Civil Action No. CV-05-S-102-NW |
| | ) |
| PRUDENTIAL   INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Defendant, Prudential Insurance Company of America, removed this breach of

contract action from the Circuit Court of Franklin County, Alabama, on the grounds

of ERISA preemption.[1]  This action is before the court upon defendant's motion for

summary judgment (doc. no. 6).

### PART ONE

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment

not only is proper, but also that it "shall be rendered forthwith if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[1]*See* doc. no. 1 (Notice of Removal).

the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make

a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322(1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
>     The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting

*Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v.*

*Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*).

## PART TWO

### Summary of Relevant Facts

Plaintiff was employed with Celotex, a fiberglass manufacturing facility

located in Franklin County, Alabama from April 1985 until August 2003.[2] Plaintiff

---

[2]*See* doc. no. 9 (Plaintiff's Evidentiary Submission), Exhibit 1 at 1 (Graham Affidavit).

was a participant in a group life insurance policy through Prudential Life Insurance with a face value of $35,000.[3]  In August of 2003, plaintiff was terminated after missing several months of work due to chemotherapy treatments for cancer.[4]  Upon termination, Celotex informed her that she could convert her group life policy into an individual policy with Prudential.[5]  Plaintiff completed an application requesting conversion to a $20,000 policy, and submitted it to Prudential, along with a check for the first month's premium.[6]

Prudential sent plaintiff a letter on October 15, 2003, enclosing an electronic funds transfer form, and requesting that plaintiff submit a "Notice of Conversion Letter" from her employer.[7]  Plaintiff contacted her employer and requested a Notice of Conversion Letter, but it was never sent to her.[8]  Prudential sent a letter to plaintiff on November 4, 2003, informing her that it had yet to receive the Notice of Conversion Letter.[9]  The letter further stated, "If there is no response to this inquiry by 11/18/03, we will have to close your file.  As a result, you will lose your right to

---

[3]*See* Graham Affidavit at 1.

[4]*See id.*

[5]*See id.*

[6]*See id.*

[7]*See id., see also* doc. no. 8 at 1 (plaintiff's response).

[8]*See* Graham Affidavit at 1.

[9]*See* doc. no. 9, Exhibit C (letter of November 4, 2003).

convert."[10]  Plaintiff went to her former employer and explained that she needed the Notice of Conversion Letter immediately.[11]  Plaintiff's employer contacted another entity, CitiStreet, and that entity faxed a document dated September 2, 2003, that was purported to be the Notice of Conversion Letter.[12]  Plaintiff then faxed the document to Maxine Bullock at Prudential.[13]  Ms. Bullock confirmed that she received the document, and that plaintiff did not need to do anything else.[14]

Prudential sent plaintiff a letter on December 18, 2003, stating that her option to convert had been lost because she failed to submit the required information.[15] Plaintiff attempted to call Ms. Bullock, but was unable to speak to her, and instead spoke with a Ms. Brown.[16]  Ms. Brown informed plaintiff that her life insurance policy had not been issued because Prudential did not receive the Notice of Conversion Letter.[17] Ms. Brown informed plaintiff that Prudential could only receive the Conversion Letter from her employer and that she would speak to her supervisor and call her back in two or three days.[18]  After several days, plaintiff called Ms.

---

[10]Doc. no. 9, Exhibit C.

[11]*See* doc. no. 8 at 1.

[12]*See id.*

[13]*See* Graham Affidavit at 1; *see also* doc. no. 9, Exhibit D.

[14]*See* Graham Affidavit at 1.

[15]*See* doc. no. 9, Exhibit E (letter of December 18, 2003).

[16]*See* Graham Affidavit at 2.

[17]*See id.*

[18]*See id.*

Brown, who informed plaintiff that she had not yet spoken with her supervisor.[19]

After filing her lawsuit, plaintiff has been informed that one of the documents from her employer she received in September 2003 is the Notice of Conversion Letter.[20]  The so-called Notice of Conversion Letter is entitled "Life Insurance Continuation Information" and instructs employees to "Please call or take this form within 31 days to any local Prudential Insurance Company of America office or agent."[21]  Nowhere on this one-page document are any words resembling "Notice of Conversion Letter."[22]

## PART THREE

### *Discussion of Plaintiff's Claim*

Defendant argues that it is entitled to summary judgment because this matter is preempted by ERISA, and thus plaintiff's breach of contract claim is due to be dismissed.  Plaintiff offers no challenge to the proposition that a dispute over conversion rights provided by an ERISA plan is covered by ERISA.  *See, e.g., Tingey v. Pixley-Richards West, Ind.*, 953 F.2d 1124, 1132-33 (9th Cir. 1992).  The court agrees.  Because the only claim asserted by plaintiff is one for breach of contract as

---

[19]*See* Graham Affidavit at 2.

[20]*See* doc. no. 8 at 2.

[21]Doc. no. 9, Exhibit F (Life Insurance Continuation Information Form).

[22]*See id.*

5

it relates to her ability to convert an employee plan to an individual plan, this claim is preempted by ERISA. However, the court declines the invitation to dismiss plaintiff's claim because the gravamen of plaintiff's complaint is clear, so much so, that defendant has had little difficulty moving alternatively for summary judgment on the merits.

Alternatively, defendant argues that, regardless of whether plaintiff's claim is viewed under state law or under ERISA, it is still entitled to summary judgment, because it is undisputed that defendant never received the Notice of Conversion Letter; thus, plaintiff failed to successfully convert her previous employee life insurance policy into an individual life insurance policy. Viewed in a vacuum, this argument has persuasive force. The facts, however, reveal serious questions about the applicability of the common law doctrines of waiver and estoppel in the context of the ERISA claim presented to this court. *See, e.g., Glass v. United of Omaha Life Insurance Co.*, 33 F.3d 1341, 1347-48 (11th Cir. 1994). Thus, defendant has failed to establish that it is entitled to judgment as a matter of law, and its motion for summary judgment is due to be denied.

It is rare to see a case still in litigation with such distasteful facts. The court cannot help but wonder how the amount spent in legal fees can justify the actual amount in controversy or cause at stake. At some point, members of what one hopes

will continue to be a noble profession, must step back and carefully consider that one of the most important duties of attorneys is that of counselor and advisor. Rule 2.1 of the Rules of Professional Conduct states:

> In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral, economic, social and political factors, that may be relevant to the client's situation.

*Alabama Rules of Prof'l Conduct* R. 2.1 (1991). It is the sincere hope of this court that the parties, with the aid of counsel, will be able to resolve this dispute through mediation. A separate order directing the parties to mediate will be entered contemporaneously herewith.

## Conclusion

In light of the foregoing, defendant's motion for summary judgment is DENIED.

The court will reopen discovery, to the extent necessary, for the purposes of providing the court with information relevant to issues concerning whether defendant has waived or is estopped from asserting any arguments under ERISA . The parties will be afforded the opportunity to brief these issues prior to trial.

This matter will be set for trial on September 5, 2006, by separate notice.

DONE this 12th day of July, 2006.

_____
United States District Judge